UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YEISHA ANES and MERWIN RODRIGUEZ :     Plaintiffs, : | CIVIL ACTION NO.: |
| v. : | |
| MIDDLETOWN MOTORCARS LLC and : WESTLAKE SERVICES, LLC d/b/a : WESTLAKE FINANCIAL SERVICES :     Defendants | JULY 6, 2021 |

## **COMPLAINT**

### I. INTRODUCTION

1. This is a suit brought by two consumers against an automobile dealership for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*., and for breach of the implied warranty of merchantability under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq*., and for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a. *et seq.*  Liability is also asserted against the finance company as assignee of the retail installment sales contract.

### II. PARTIES

2. Plaintiff, Yeisha Anes ("Anes"), is a natural person residing in Hartford, Connecticut.

3. Plaintiff, Merwin Rodriguez ("Rodriguez", and collectively the "Plaintiffs), is a natural person residing in Middletown, Connecticut.

4. Defendant, Middletown Motorcars LLC ("Middletown Motorcars") is a now dissolved Connecticut limited liability company that operated a used automobile dealership in Middletown, Connecticut.

5. Defendant, Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake"), is a California limited liability company located in Los Angeles, California that accepts assignment of retail installment sales contracts.

### III.   JURISDICTION

6. Jurisdiction in this court is proper pursuant to 15 U.S.C. 1640(e), 15 U.S.C. § 2310(d), and 28 U.S.C. § 1331.

7. This Court has jurisdiction over Middletown Motorcars because it was organized under the laws of the state of Connecticut and regularly conducted business in this state.

8. This Court has jurisdiction over Westlake because it regularly conducts business in this state.

9. Venue in this Court is proper because the Plaintiffs reside in Connecticut and the transaction occurred in this state.

### IV.   FACTUAL ALLEGATIONS

10. On or about July 11, 2018, Plaintiffs purchased a 2017 Hyundai Elantra (the "Vehicle") from Middletown Motorcars for a cash price of $18,100.33 including sales tax of $1,200.15 (illegible).

11. Plaintiffs paid a down payment of $1,000 to Middletown Motorcars and financed the remaining balance pursuant to a retail installment sales contract (the "Contract") that was subsequently assigned to Westlake.

12. The Contract listed a down payment of $3,000 even though Plaintiffs had only paid $1,000 to Middletown Motorcars.

13. The Contract included a service contract to ProGuard Warranty for $2,000, even though Plaintiffs had not requested nor desired the contract.

14. Upon information and belief, Middletown Motorcars failed to register the service contract, and kept the fee to itself.

15. Plaintiffs were not provided with a copy of the Contract in a form that they could keep.

16. In October, 2020, Plaintiffs were interested in trading the Vehicle and they visited a dealership in Connecticut.

17. That dealership told Plaintiffs that they would not accept the Vehicle in trade because CarFax reported that the Vehicle had structural damage.

18. This was the first time Plaintiffs heard this information.

19. Plaintiffs sent a written demand for resolution of their claims to Middletown Motorcars on or about April 16, 2021, and Westlake was the holder of the Contract at the time of that assignment.

## V. CAUSES OF ACTION

### A. TRUTH IN LENDING ACT (Middletown Motorcars only)

20. Middletown Motorcars is a "creditor" within the meaning of TILA in that it entered into installment sales contracts in which it extended credit to consumers more

than 30 times during both the year prior to the transaction and in the year of the transaction.

21. Middletown Motorcars violated TILA by including listing a false down payment of $3,000 on the Contract when Plaintiffs only paid $1,000 and not accurately itemizing the amount financed.

22. Middletown Motorcars further violated TILA by failing to provide Plaintiffs with a copy of the Contract which contained the TILA disclosures required by 15 U.S.C. § 1638.

23. Middletown Motorcars is liable to Plaintiffs for statutory damages of $2,000 plus attorney's fees and costs.

### B. BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (Both Defendants)

24. Middletown Motorcars is a "merchant" as that term is defined in Conn. Gen. Stat. § 42a-2-104.

25. The Vehicle constitutes "goods" as that term is defined in Conn. Gen. Stat. § 42a-2-105.

26. The Vehicle is a consumer product as that term is defined in § 2301(1) of the Magnuson-Moss Warranty Act ("MMWA").

27. A warranty that the Vehicle was in merchantable condition at the time of sale was implied by law in the sale of the Vehicle to Plaintiffs pursuant to Conn. Gen. Stat. § 42a-2-314.

28. Middletown Motorcars breached the implied warranty of merchantability because the Vehicle was not in merchantable condition at the time of sale to Plaintiffs

and would not pass in trade without objection under the description of a used 2017 Hyundai Elantra. Specifically, the Vehicle had structural damage and was unsafe to drive.

29. It is not possible for Middletown Motorcars to cure the breach of implied warranty of merchantability, or Plaintiffs provided Middletown Motorcars with a reasonable opportunity to cure the breach of implied warranty but it has not done so, or both.

30. Middletown Motorcars' breach of the implied warranty of merchantability was tortious in nature, in bad faith, was wanton and malicious, outrageous, and was undertaken with a reckless disregard for Plaintiffs' interests and the injury that they sustained.

31. Middletown Motors' breach of the implied warranty of merchantability has caused Plaintiffs to incur damages including common law punitive damages which are expected to exceed $50,000.

32. For Middletown Motorcars' breach of the implied warranty of merchantability, Plaintiffs are entitled to actual damages, consequential damages, punitive damages, and attorney's fees and costs under the MMWA, 15 U.S.C. § 2310(d).

33. Westlake is subject to the claims for damages as assignee of the Contract pursuant to Conn. Gen. Stat. § 52-572g and under the Contract terms.

### C. CONNECTICUT UNFAIR TRADE PRACTICES ACT (Both Defendants)

34. Middletown Motorcars has engaged in unfair acts and practices in trade or commerce in violation of Conn. Gen. Stat. § 42-110a *et seq.* in connection with the transaction as described above and as follows:

    a.    Its violations of TILA;

    b.    It sold an unsafe vehicle with structural damage;

    c.    It sold a service contract but failed to register the contract and kept the cost to itself;

    d.    It failed to provide Plaintiffs with the Connecticut Department of Motor Vehicles form K-208 as required by Conn. Gen. Stat. § 14-62(g), a *per se* violation of CUTPA by operation of Conn. Agency Reg. § 42-110b-28(b)(23);

    e.    It either failed to perform a safety inspection on the Vehicle as required by Conn. Gen. Stat. § 14-62(g) or, if it did perform a safety inspection, it sold the Vehicle notwithstanding the defects which would have been apparent if such an inspection had been performed and failed to note the defects on the Connecticut Department of Motor Vehicles form K-208 form; and

    f.    It failed to provide Plaintiffs with a copy of the Contract.

35. As a result of Middletown Motorcars' conduct, Plaintiffs have suffered ascertainable losses of money or property in that they purchased a Vehicle that is not in merchantable condition and is not safe to drive.

36. For Middletown Motorcars' violations of CUTPA, Plaintiffs are entitled to their actual damages and, in the discretion of the Court, punitive damages and attorney's fees and costs.

37. Plaintiffs also seek equitable relief in the form of a cancellation of the Contract.

38. Westlake is subject to the claims for damages as assignee of the Contract pursuant to Conn. Gen. Stat. § 52-572g and under the Contract terms.

WHEREFORE, the Plaintiffs claim monetary damages, punitive damages, statutory damages, attorney's fees and costs pursuant to TILA, CUTPA, and the MMWA; and such other relief as may apply at law or equity.

                                      PLAINTIFFS, YEISHA ANES and MERWIN RODRIGUEZ

                                      By: */s/ Daniel S. Blinn*
                                             Daniel S. Blinn
                                             dblinn@consumerlawgroup.com
                                             Brendan L. Mahoney
                                             bmahoney@consumerlawgroup.com
                                             Consumer Law Group, LLC
                                             35 Cold Spring Rd. Suite 512
                                             Rocky Hill, CT  06067
                                             Tel. (860) 571-0408
                                             Fax (860) 571-7457